In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00078-CR
_____

**DAVID CAPETILLO JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-01-00587-CR**

**MEMORANDUM OPINION**

In this appeal, David Capetillo Jr.'s court-appointed appellate counsel submitted a brief in which counsel contends that no arguable grounds can be advanced to support Capetillo's appeal from his conviction for evading arrest or detention with a motor vehicle.[1] Based on our review of the record, we agree that no arguable grounds exist to support Capetillo's appeal.

---

[1] *See* Tex. Penal Code Ann. § 38.04(b)(1) (West 2016).

1

On appeal, Capetillo's counsel filed an *Anders* brief presenting counsel's professional evaluation of the record. In the brief, counsel concludes that he is unable to raise any arguable issues in Capetillo's appeal.[2] After counsel submitted the *Anders* brief, we granted an extension of time so that Capetillo could file a *pro se* response. Capetillo, however, did not file one.

The record before us show that without the benefit of a plea agreement, Capetillo pleaded guilty in 2017 to the crime of evading arrest or detention with a motor vehicle, a third-degree felony.[3] During a punishment hearing, the State proved and the trial court found that Capetillo has a 1988 felony conviction for armed robbery.[4] The trial court then sentenced Capetillo to seven years' imprisonment.[5] After reviewing the appellate record and the *Anders* brief filed by Capetillo's counsel, we agree with counsel's determination that Capetillo cannot raise any

---

[2] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

[3] *See* Tex. Penal Code Ann. § 38.04(b)(1).

[4] The trial court's final judgment contains a clerical error that Capetillo pleaded "true" to the allegation in his indictment that he had a 1988 felony conviction for armed robbery. Our review of the record, however, reveals Capetillo pleaded "not true" to the allegation.

[5] *See id.* § 12.42(a) (West 2019) (providing that a third-degree felony with one enhancement is punishable as a second-degree felony).

arguable issues to support an appeal. We also conclude Capetillo's appeal is frivolous. Thus, we need not appoint new counsel to re-brief the appeal.[6]

While the trial court's judgment is affirmed, a clerical error exists in the trial court's judgment in Trial Court Cause Number 17-01-00587-CR. The record shows that Capetillo pleaded "not true" to the enhancement allegation in his indictment instead of "true" as the judgment recites. We have the authority to reform the trial court's judgment to make the record speak the truth.[7] We may act *sua sponte* to reform an incorrect judgment, and we may have a duty to do so.[8] To correct the clerical error, we reform the judgment by deleting the language that states Capetillo pleaded "true" to the enhancement allegation and replace that statement with "not true." As reformed, the trial court's judgment is affirmed.[9]

AFFIRMED AS REFORMED.

---

[6] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of other counsel only if it is determined arguable grounds exist to support the appeal).

[7] *See* Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992).

[8] *French*, 830 S.W.2d at 609; *Asberry v. State*, 813 S.W.2d 526, 530 (Tex. App.—Dallas 1991, pet. ref'd).

[9] Capetillo may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

3

_____
HOLLIS HORTON
Justice

Submitted on January 29, 2019
Opinion Delivered June 12, 2019
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

4